**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: November 5, 2025**

_____
**Hon. Catherine J. Furay
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: Jeremiah J. Wilkins | Case No. 25-11722-cjf |
| Debtor | Chapter 13 |

### ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, WITH CONDITIONS

Pursuant to the motion for relief from the automatic stay of 21st Mortgage Corporation, its successors, servicing agents and/or assignees (hereinafter "the movant") with respect to secured collateral property (manufactured home) located at 6300 Birch Street, Trailer 42, Schofield (Weston), Wisconsin, this matter was heard on 11/3/2025, the movant appearing through attorney Bryan Ward; the debtor appearing through Miller & Miller Law, LLC, by attorney Mark A. Gauthier. Upon consideration of the documents filed by the parties and statements of counsel at the hearing,

IT IS HEREBY ORDERED that the motion is denied, subject to the following terms and conditions:

1. Movant may file a supplemental claim for the post-petition monthly payment arrearage of $ 1,644.16, covering the August 2025 through November 2025 monthly payments, plus Movant's fees and costs of $ 1,549.00.00, for a total supplemental claim of $ 3,193.16. These fees and costs shall be repaid through Debtor's Chapter 13 Plan.

2. Commencing with the December 2025 monthly payment, and continuing through and including the May 2026 payment, Debtor shall make all monthly payments to the Movant as required by the applicable loan documents. In the event any such payment is not received in a timely manner, the Movant, its servicing agent or its counsel may submit evidence of default and a proposed order for immediate relief from the automatic stay to the court for signature.

3. Thereafter, the Debtor shall make all monthly payments to the Movant as required by the applicable loan documents. In the event any such payment is not received in a timely manner, counsel for the movant may renew the motion by letter, and the motion will be granted unless Debtor files an objection requesting a hearing within 14 days of the motion renewal.

4. Any future relief from stay that is granted shall also include an order for abandonment, to the extent that the subject property is vested in the Trustee.

5. This order is what may be referred to as a Doomsday Order ~~under this court's Uniform Procedure for Doomsday Orders; it incorporates and is subject to the Uniform Procedure for Doomsday Orders~~. This means that:

   a. Movant and Debtor may stipulate to amendments to this order. If so, a stipulation and proposed order shall be filed with the Court.

   b. A party seeking to enforce its right to relief under this order may file a request for relief in the form of a letter renewal of the motion for relief from stay, an affidavit, certificate of non-compliance or other evidence of default together with proof of service and a proposed order. The proposed order will be held for 7 days to afford the opportunity for the other party to object to entry of the order stating the factual basis for the objection.

c. If no basis for an objection is stated, the Court may enter an order granting relief without further notice or hearing unless the movant withdraws the request or a stipulation modifying the terms of the order is submitted.

d. If an objection is filed stating a basis for the objection, the Court may hold a hearing on the request for relief and objection as either a preliminary or final hearing in the Court's discretion.

###